T.C. Summary Opinion 2018-32

UNITED STATES TAX COURT

RODRIGO KHO AND LORETA KHO, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7720-17S.                    Filed June 27, 2018.

Rodrigo Kho and Loreta Kho, pro sese.

Christiane C. Sanicola, for respondent.

SUMMARY OPINION

GUY, Special Trial Judge:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

_____

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined that petitioners are liable for a Federal income tax deficiency of $27,032 for the taxable year 2014 (year in issue) and an accuracy-related penalty of $5,406 under section 6662(a). Petitioners, husband and wife, filed a timely petition for redetermination pursuant to section 6213(a). At the time the petition was filed, they resided in California.

The parties agree that petitioners are (1) not entitled to a dependency exemption deduction for Mrs. Kho's mother; (2) entitled to deduct mortgage interest payments of $75,568;[2] (3) entitled to deduct real estate taxes of $8,193;[3] (4) entitled to deductions claimed on Schedule C for legal and professional expenses of $1,151, office expenses of $322, taxes and license fees of $201, parking fees of $43, and postage expenses of $102; and (5) not entitled to

---

[1](...continued)
Revenue Code, as amended and in effect for 2014, and all Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts are rounded to the nearest dollar.

[2]Regarding mortgage interest payments, the parties agree that $63,318 shall be reported on Schedule A, Itemized Deductions, and $12,250 shall be reported on Schedule C, Profit or Loss From Business.

[3]Regarding real estate taxes, the parties agree that $6,865 shall be reported on Schedule A and $1,328 shall be reported on Schedule C.

deductions claimed on Schedule C for rent or lease expenses and education expenses.

Petitioners offered no evidence that they are entitled to (1) an itemized deduction for a claimed charitable contribution of $8,000 or (2) a deduction for the business use of their home in excess of the $15,717 allowed in the notice of deficiency.  Accordingly, those adjustments are deemed conceded.

The issues remaining for decision are whether petitioners are (1) entitled to a dependency exemption deduction for Mrs. Kho's father, (2) entitled to deductions for certain expenses related to a foster care activity in excess of amounts allowed by respondent, and (3) liable for an accuracy-related penalty under section 6662(a).[4]

---

[4]Some adjustments in the notice of deficiency are computational and will flow from the parties' concessions and the Court's disposition of the issues remaining in dispute.

## Background[5]

### I. Petitioners' Foster Care Activity

Petitioners have one child, and they reside in a single-family home where they provide foster care for two adult men with developmental disabilities. Petitioners' foster care clients have separate bedrooms but share a single bathroom.

During the year in issue one of petitioners' clients routinely spent weekends at his parents' home. The other client lived with petitioners year round and required a gluten-free diet. This client accompanied petitioners on all family outings, including vacations and recreational outings. To accommodate his dietary needs, petitioners prepared only gluten-free meals in their home, and they ordered only gluten-free items when they dined out.

### II. Mrs. Kho's Parents

During the year in issue Mrs. Kho's parents lived in the Philippines. Her father is a U.S. citizen but her mother is not.

Petitioners provided financial support to Mrs. Kho's parents in 2014, transferring funds to them through electronic channels and sometimes sending cash to them when friends from the United States traveled to the Philippines. The

---

[5]Some of the facts have been stipulated.

record shows that petitioners transferred about $3,000 to Mrs. Kho's parents in 2014.

Mrs. Kho's father had been employed for many years in the Philippines as an accountant but had retired sometime before 2014. Mrs. Kho acknowledged that her father received social security benefits from the Philippine Government in 2014, although she was uncertain of the amount. She was also uncertain whether her father received any pension payments in 2014.

III. Petitioners' Tax Return

Petitioners filed a joint Form 1040, U.S. Individual Income Tax Return, for 2014. The tax return was prepared by an accounting firm that petitioners had relied upon in the past. Petitioners claimed five dependency exemption deductions--including exemptions for themselves, their son, and Mrs. Kho's parents.

Petitioners attached to their tax return a Schedule C related to the foster care activity described above. They reported gross receipts from the activity of $48,000, operating expenses of $66,416, and expenses attributable to the business use of their home of $71,956, reported on Form 8829, Expenses for Business Use of Your Home, resulting in a net loss of $90,372. They reported the latter amount on line 12 of their tax return. As is relevant here, petitioners deducted vehicle

expenses of $19,720 (computed using the optional standard mileage rate),[6] meals and entertainment expenses of $8,850, and grocery expenses of $14,516.

## Discussion

As a general rule, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[7] Deductions and credits are a matter of legislative grace, and the taxpayer generally bears the burden of proving entitlement to any deduction or credit claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

## I. Dependency Exemption Deduction

Generally, taxpayers may claim dependency exemption deductions for their dependents (as defined in section 152). Sec. 151(c). The term "dependent" includes a "qualifying relative." Sec. 152(a)(2).[8] Under section 152(d)(1), a

---

[6]See Notice 2013-80, sec. 3, 2013-52 I.R.B. 821, 821, setting the standard mileage rate at 56 cents per mile for taxable year 2014.

[7]Petitioners do not contend, and the record does not suggest, that the burden of proof should shift to respondent pursuant to sec. 7491(a).

[8]As a general rule, the term "dependent" does not include an individual who is not a citizen or national of the United States unless the individual is a resident

(continued...)

qualifying relative is an individual: (1) who bears a qualifying relationship to the taxpayer, e.g., the taxpayer's parent, sec. 152(d)(2)(C); (2) whose gross income for the year is less than the section 151(d) exemption amount ($3,950 for 2014); (3) who receives over one-half of his support from the taxpayer for the taxable year; and (4) who is not a qualifying child of the taxpayer or of any other taxpayer for the taxable year.

Although petitioners demonstrated that they transferred about $3,000 to Mrs. Kho's parents in 2014, they were unable to provide objective evidence of Mrs. Kho's father's gross income in 2014 or whether he received over one-half of his support from petitioners as required under section 152(d)(1). Under the circumstances, petitioners have failed to show that they are entitled to a dependency exemption deduction for Mrs. Kho's father.

## II. Schedule C Expenses

Under section 162(a), a deduction is allowed for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. A deduction normally is not allowed, however, for personal, living, or family expenses. Sec. 262(a). Whether an expenditure satisfies the requirements

---

[8](...continued)
of the United States or a country contiguous to the United States. Sec. 152(b)(3)(A).

for deductibility under section 162 generally is a question of fact. See

Commissioner v. Heininger, 320 U.S. 467, 475 (1943).

As used in section 162 an "ordinary" expense is defined as one which is "normal, usual, or customary" in the taxpayer's trade or business, see Deputy v. du Pont, 308 U.S. 488, 494-495 (1940), and "necessary" has been defined as appropriate and helpful, see Welch v. Helvering, 290 U.S. at 113.

Respondent contends that petitioners are not entitled to a deduction for meals and entertainment expenses and that the amounts petitioners may deduct for vehicle expenses and groceries are limited to $1,232 and $7,800, respectively.[9] In short, respondent maintains that expenses in excess of the amounts allowed do not constitute ordinary and necessary business expenses within the meaning of section 162.

Petitioners assert that, because one or both of their clients always accompanied them when they left home, all vehicle expenses and all of their expenses for meals and entertainment constitute ordinary and necessary business expenses. Petitioners further assert that, because they adopted a gluten-free diet to accommodate the needs of one of their clients, and gluten-free food products

---

[9]Respondent does not dispute that petitioners' foster care activity was a trade or business or that they actually paid the expenses in dispute.

generally are more expensive than similar products that are not gluten-free, all of the groceries that they purchased in 2014 qualify as ordinary and necessary business expenses.

A taxpayer seeking a business expense deduction for what would ordinarily be considered a personal living expense for one's self and one's dependents must demonstrate that the expenditures were "different from or in excess of that which would have been made for the taxpayer's personal purposes." Duggan v. Commissioner, 77 T.C. 911, 914 (1981) (quoting Sutter v. Commissioner, 21 T.C. 170, 173 (1953)).

Petitioners failed to show that they are entitled to any deduction for meals and entertainment expenses or that they are entitled to deductions for vehicle expenses or grocery expenses in excess of the amounts allowed by respondent. We conclude on this record that petitioners' expenditures for meals and entertainment were nondeductible personal expenses under section 262(a). Moreover, any excess cost to petitioners in providing gluten-free meals to their client is accounted for in the amount that respondent allowed as a deductible expense for groceries.[10]  In short, we sustain respondent's determination that the

---

[10]For the sake of completeness we note that petitioners failed to satisfy sec. 274(d), which prescribes more stringent substantiation requirements to be met

(continued...)

expenses in dispute were primarily for petitioners' and their son's personal benefit and any business purpose was distinctly secondary and incidental. See, e.g., Int'l Artists, Ltd. v. Commissioner, 55 T.C. 94, 104 (1970).

## III. Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) imposes an accuracy-related penalty equal to 20% of the amount of any underpayment of tax that is due to the taxpayer's negligence or disregard of rules or regulations or to any substantial understatement of income tax. Negligence is a lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). A taxpayer is negligent if he or she fails to maintain sufficient records to substantiate disputed expenses. Higbee v. Commissioner, 116 T.C. 438, 449 (2001); sec. 1.6662-3(b)(1), Income Tax Regs. An understatement of income tax is "substantial" if the understatement exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A).

---

[10](...continued)
before a taxpayer may deduct certain categories of expenses, including travel expenses, meals and entertainment expenditures, and expenses related to the use of listed property (such as automobiles) as defined in sec. 280F(d)(4)(A). See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd, 412 F.2d 201 (2d Cir. 1969).

With respect to a taxpayer's liability for any penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to come forward with sufficient evidence indicating that it is appropriate to impose the penalty. Higbee v. Commissioner, 116 T.C. at 446-447. Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. Id. at 447; see Rule 142(a); Welch v. Helvering, 290 U.S. at 115.[11]

Section 6664(c) provides, however, that no penalty shall be imposed with respect to any portion of an underpayment if it is shown that there was reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion. Swihart v. Commissioner, T.C. Memo. 1998-407. The Court must consider all the facts and circumstances in determining whether the taxpayer acted with reasonable cause and in good faith. Sec. 1.6664-4(b)(1), Income Tax Regs.

---

[11]Respondent has satisfied his burden of production. Even taking respondent's concessions into account, it is likely that the understatement of income tax exceeds 10% of the tax required to be shown on petitioners' return, which is greater than $5,000. Moreover, petitioners conceded a number of adjustments without explanation and failed to maintain sufficient records. Finally, the record includes a Civil Penalty Approval Form executed by the Internal Revenue Service examiner's group manager approving the sec. 6662(a) penalty determined in the notice of deficiency. See sec. 6751(b).

Generally, the most important factor is the extent of the taxpayer's effort to assess his or her proper tax liability. Id.

Considering all the facts and circumstances, including petitioners' lack of sophistication regarding tax matters and their good-faith reliance on the assistance of an accountant in preparing their tax return for the year in issue, we conclude that petitioners have shown reasonable cause and that they acted in good faith in respect of the portions of the underpayments that are attributable to the disallowance of deductions for vehicle expenses, meals and entertainment expenses, and grocery expenses. No penalty may be imposed under section 6662(a) in respect of those portions of the underpayments. In contrast, we conclude that petitioners are liable for the penalty imposed under section 6662(a) with respect to the portions of the underpayments attributable to the remaining adjustments that were sustained in this case.

To reflect the foregoing,

Decision will be entered

under Rule 155.